PAXON ET AL v. THE ILLINOIS CENTRAL R. CO.

| 56 | 427 |
| 93 | 451 |

1. **Railroads:** DISCRIMINATION IN CHARGES: CONSTRUCTION OF STAT-UTE. No recovery can be had from a railroad company under section 10, of chapter 6ᵈ, laws of 1874, for discrimination in charges for cars between different shippers of stock, unless it is shown that the shipments were made upon like conditions.

*Appeal from Delaware District Court.*

SATURDAY, JUNE 18.

THIS action was brought under chapter 68 of the acts of the Fifteenth General Assembly, establishing "reasonable maximum rates and charges for the transportation of freight and passengers on the different railroads of this State." Trial to the court, judgment for the defendant, and the plaintiffs appeal.

*C. S. Crosby* and *Bronson & LeRoy*, for appellants.

*Griffith & Knight*, for appellee.

SEEVERS, J.—The petition states that plaintiffs were engaged in purchasing cattle and hogs at Manchester, Iowa, and that defendant operated a railroad from Sioux City, Iowa, through said Manchester to Chicago, Illinois; that between the eighth day of January and the 21st day of February, 1876, plaintiffs

shipped at said Manchester four car loads of hogs, to be carried by defendants to Chicago, Illinois, for which the defendant charged, and the plaintiffs paid, freight at the rate of fifty-six dollars a car, and that between the 10th day of May and the 16th day of September, 1876, the plaintiffs made a like shipment of five car loads of cattle and hogs, for which the defendant charged and the plaintiff paid fifty-six dollars a car freight; "that during all the aforesaid time from January 8, 1876, to September 16, 1876, one William F. Gannon was engaged in the business of buying and shipping cattle and hogs at Manchester, Iowa, and during a portion of that time, to-wit: from January 8th, 1876, to February 21, 1876, he had an arrangement and agreement with the defendant, whereby the defendant agreed to allow said Gannon a rebate or drawback of six dollars per car for all car loads of cattle and hogs shipped by him on said road from said Manchester to Chicago, Illinois, which said rebate or drawback reduced the price of each car load of cattle and hogs so shipped by said Gannon to fifty dollars, being six dollars per car less than the defendant charged the plaintiffs for the same services, and said Gannon shipped several car loads of cattle and hogs under said agreement; that on or about the 20th day of March, 1876, the said defendant made an arrangement and agreement with said W. F. Gannon to allow him a rebate or drawback of sixteen dollars on each and every car load of hogs and cattle shipped by him from said Manchester to Chicago aforesaid, over the said railroad, run and operated by the defendant, which arrangement and agreement was continued from that date to September 16, 1876; that drawbacks or rebatements of sixteen dollars per car were made by said defendant to said Gannon, and that by reason of said drawbacks and rebatements said Gannon during said time was paying the defendant but forty dollars per car for each car load of hogs and cattle so shipped by him, and that he shipped several car loads of hogs and cattle under said agreement during said time

from Manchester to Chicago; that, by reason of the aforesaid rebates and drawbacks allowed by the defendant to said Gannon, they paid the defendant for four car loads of hogs and cattle shipped as aforesaid over the said road of the defendant from January 8, 1876, to February 21, 1876, the sum of twenty-four dollars, and for five car loads of cattle and hogs so shipped from May 10, 1876, to September 16, 1876, the sum of eighty dollars, making in all, one hundred and four dollars over and above what the defendant charged the said Gannon for the same service during the same time. Wherefore the plaintiffs demand judgment against the defendant for the sum of five hundred and twenty dollars, with interest and costs, and a reasonable sum as attorney's fees, under the provisions of chapter 68, of the laws of the Fifteenth General Assembly of Iowa."

The defendant answered the petition, and denied "each and every allegation therein contained."

No evidence "was introduced in the case, except the parties agreed that the facts were as stated in the plaintiffs' petition, and upon those facts the decision of the court was rendered."

Counsel agree this action was brought under section 10 of the act aforesaid. It provides: "No railroad company shall charge any person, company or corporation for the transportation of any property a greater sum than it shall charge, and collect from any other person, company, or corporation for a like service from the same place, and upon like conditions, and all concessions of rates, drawbacks, and contracts for special rates founded upon the demands of commerce and transportation shall be open to all persons, companies, and corporations alike."

Counsel for the appellee insist that the defendant is not liable under the statute unless it has been established the charges paid by the plaintiffs were "for a like service from the same place and *upon like conditions*," and as the petition does not allege the shipments made by the plaintiffs and

Gannon were made " upon the like conditions," such fact has not been established.

To this counsel for the appellant replies that " the plain and evident intention of the legislature was to prohibit railroad companies from in any case charging any of its patrons for the carriage of property more than another for the same service." If this be so, the inquiry would seem to be pertinent why did not the General Assembly so say in plain and unmistakable language. This could have been readily done by omitting the words " upon like conditions." Because this was not done " upon like conditions " qualifies what precedes it.

It will be observed counsel ignore or treat as meaningless the phrase " upon like conditions." Upon what principle or rule of construction this is done we are not informed, and we certainly know of none.

Cases, we incline to think, may be supposed, when it would be competent for the carrier under the statute to charge one person more than another for a like service. For instance, suppose the cars loaded by one person were attached to express trains and those of another to ordinary freight trains. But whether this be true is immaterial, because the General Assembly has plainly indicated before the defendant can · be made liable, not only must there have been like service but it must have been performed under or upon like conditions. We cannot ignore any part of this statute more than another, nor can we judicially say or know there may not be conditions because of which the defendant could properly charge one person more than another for a like service from the same place.

Counsel for the appellant also insist: " So far as the evidence shows, the services performed by appellee were for a like service from the same place and upon like conditions; there was no evidence to the contrary." There was no evidence tending to show the conditions were alike. It is true there was no evidence to the contrary. But the burden was

on the plaintiff, and the argument above stated is unsound unless we can infer or judicially know there must have been "like conditions" attached to each shipment. This it is clear, in our opinion, we cannot do.

As no right to recover under the statute has been established the judgment of the District Court must be

AFFIRMED.